1

2

3

4

5

6

7

8                        **IN THE UNITED STATES DISTRICT COURT**

9                        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ALDEUNTE GREEN,                              No.  2:20-CV-0923-DMC-P

12                    Plaintiff,

13         v.                                       <u>ORDER</u>

14    R. McFARLANE,

15                    Defendant.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983. Pending before the court is plaintiff's complaint. <u>See</u> ECF No. 1.

19              The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                                    1

1   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

2   with at least some degree of particularity overt acts by specific defendants which support the

3   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4   impossible for the court to conduct the screening required by law when the allegations are vague

5   and conclusory.

6

7                                    **I.  PLAINTIFF'S ALLEGATIONS**

8           The plaintiff, Aldeunte Green, is a prisoner at Folsom State Prison who was

9   previously incarcerated at Sierra Conservation Center. Plaintiff names the following defendants:

10  (1) Officer R. McFarlane, a corrections officer department employee at Sierra Conservation

11  Center, and (2) the Warden of Sierra Conservation Center.

12          Plaintiff claims that defendant McFarlane nudged him while escorting to the

13  recreation yard, causing plaintiff to fall down the flight of stairs. Plaintiff sustained a sprained

14  ankle and abrasions to his knee and left shoulder due to the fall. Plaintiff alleges the nudge

15  violated his Eighth Amendment right to be free from cruel and unusual punishment by

16  threatening his safety and using excessive force.

17

18                                        **II.  DISCUSSION**

19          The Court finds that plaintiff's claim suffers three defects. First, plaintiff's claim

20  against defendant Warden does not establish the necessary causal connection between the Warden

21  and the alleged events that transpired. Second, plaintiff's allegation that Officer McFarlane

22  nudged him near a staircase cannot establish the conditions necessary for an Eighth Amendment

23  threat to safety claim. Third, plaintiff has failed to allege claims that support a finding of

24  excessive force in violation of the Eighth Amendment.

25  ///

26  ///

27  ///

28  ///

## A. <u>Claims Against the Warden of Sierra Conservation Center</u>

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. <u>See</u> <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. <u>See</u> <u>id.</u> The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. <u>See</u> <u>Redman v. Cnty of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." <u>Iqbal</u>, 662 U.S. at 676.

Here, plaintiff fails to establish any specific causal link between the Defendant Warden and the alleged constitutional violation. Plaintiff does not allege that the Warden was present when Office McFarlane escorted the plaintiff to the recreation yard. Therefore, the Warden could not have directed or participated in Office McFarlane's activity. Because supervisory personnel are only considered liable for their own conduct, plaintiff's § 1983 action is not the appropriate vehicle for relief and any further amendment would be futile.

///

///

3

1        **B.  <u>Eighth Amendment Threat to Safety Claim</u>**

2        The treatment a prisoner receives in prison and the conditions under which the

3   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

4   and unusual punishment.   <u>See</u> <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); <u>Farmer v. Brennan</u>,

5   511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

6   of dignity, civilized standards, humanity, and decency." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102

7   (1976).  Conditions of confinement may, however, be harsh and restrictive.  <u>See</u> <u>Rhodes v.</u>

8   <u>Chapman</u>, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

9   "food, clothing, shelter, sanitation, medical care, and personal safety." <u>Toussaint v. McCarthy</u>,

10   801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

11   two requirements are met: (1) objectively, the official's act or omission must be so serious such

12   that it results in the denial of the minimal civilized measure of life's necessities; and (2)

13   subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

14   inflicting harm.  <u>See</u> <u>Farmer</u>, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

15   official must have a "sufficiently culpable mind."  <u>See</u> <u>id.</u>

16        Under these principles, prison officials have a duty to take reasonable steps to

17   protect inmates from physical abuse.  <u>See</u> <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1250-51 (9th Cir.

18   1982); <u>Farmer</u>, 511 U.S. at 833.  Liability exists only when two requirements are met:  (1)

19   objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious

20   harm; and (2) subjectively, prison officials knew of and disregarded the risk.  <u>See</u> <u>Farmer</u>, 511

21   U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.

22   <u>See</u> <u>Wallis v. Baldwin</u>, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable,

23   however, if evidence is presented that they lacked knowledge of a safety risk.  <u>See</u> <u>Farmer</u>, 511

24   U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials

25   know for a certainty that the inmate's safety is in danger, but it requires proof of more than a

26   mere suspicion of danger.  <u>See</u> <u>Berg v. Kincheloe</u>, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the

27   plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually

28   knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk,

1   even if harm ultimately was not averted.  <u>See</u> <u>Farmer</u>, 511 U.S. at 844.

2           The court recognizes that plaintiff attempts to allege an Eighth Amendment threat

3   to safety claim, however, plaintiff's allegations do not support this claim. Plaintiff's allegation

4   that Officer McFarlane nudged him near a staircase on one occasion do not establish that plaintiff

5   was incarcerated under conditions that presented a serious risk of physical abuse. Further, because

6   plaintiff cannot establish there was a condition that created a risk of danger, plaintiff cannot

7   establish that Office McFarlane knew of the risk of danger to plaintiff. Thus, a threat to safety

8   claim is not the appropriate vehicle for relief and any further amendment would be futile.

9                    **C.  <u>Eighth Amendment Excessive Force Claim</u>**

10          The treatment a prisoner receives in prison and the conditions under which the

11  prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

12  and unusual punishment.  <u>See</u> <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); <u>Farmer v. Brennan</u>,

13  511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

14  of dignity, civilized standards, humanity, and decency." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102

15  (1976).  Conditions of confinement may, however, be harsh and restrictive.  <u>See</u> <u>Rhodes v.</u>

16  <u>Chapman</u>, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

17  "food, clothing, shelter, sanitation, medical care, and personal safety." <u>Toussaint v. McCarthy</u>,

18  801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

19  two requirements are met: (1) objectively, the official's act or omission must be so serious such

20  that it results in the denial of the minimal civilized measure of life's necessities; and (2)

21  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

22  inflicting harm.  <u>See</u> <u>Farmer</u>, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

23  official must have a "sufficiently culpable mind."  <u>See</u> <u>id</u>.

24          When prison officials stand accused of using excessive force, the core judicial

25  inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline,

26  or maliciously and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992);

27  <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as

28  opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims,

is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees.  See Whitley, 475 U.S. at 320-21.  In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7.  The absence of an emergency situation is probative of whether force was applied maliciously or sadistically.  See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc).  The lack of injuries is also probative.  See Hudson, 503 U.S. at 7-9.  Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials.  See Whitley, 475 U.S. at 321-22.

Here, plaintiffs fails to establish that Officer McFarlane acted with the malicious mental state necessary for an excessive force claim. Nothing in plaintiff's claim suggests Officer McFarlane intended to harm plaintiff. Rather, plaintiff's medical reports indicate that plaintiff himself stated Officer McFarlane nudged him to encourage him to move faster. See ECF No. 1, pg. 7. Thus, plaintiff's current complaint cannot establish that Officer McFarlane possessed the "sufficiently culpable mind" required by the Eighth Amendment. At present, there are insufficient details showing that Officer McFarlane intentionally nudged plaintiff with the purpose of inflicting harm.

///

///

///

///

///

///

///

///

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as defective, in which case the defective claims identified herein will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as deficient, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

1  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

2             Accordingly, IT IS HEREBY ORDERED that:

3             1.      Plaintiff's complaint is dismissed with leave to amend; and

4             2.      Plaintiff shall file an amended complaint within 30 days of the date of

5  service of this order.

6

7  Dated:  June 10, 2020

8                                                    _____

                                                DENNIS M. COTA
9                                               UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8