IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDEUNTE GREEN, | No. 2:20-CV-0923-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| R. McFARLANE, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's first amended complaint. See ECF No. 11.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

The plaintiff, Aldeunte Green, is a prisoner at Folsom State Prison who was previously incarcerated at Sierra Conservation Center. Plaintiff names the following defendant: Officer R. McFarlane, a corrections officer department employee at Sierra Conservation Center. Plaintiff alleges that Officer McFarlane violated his Eighth Amendment rights by threatening his safety and using excessive force.

Plaintiff alleges that he got into an argument with Officer McFarlane on the morning of June 7, 2019. Plaintiff claims that a few hours later Officer McFarlane nudged plaintiff to move faster while escorting plaintiff to the recreation yard. Plaintiff claims that the nudge caused plaintiff to fall down the flight of stairs. Plaintiff sustained a sprained ankle and abrasions to his knee and left shoulder due to the fall.

## II.  DISCUSSION

The Court finds that plaintiff's claim suffers two defects. First, plaintiff has failed to allege claims that support a finding of excessive force in violation of the Eighth Amendment. Second, plaintiff's allegation that Officer McFarlane nudged him near a staircase cannot establish the conditions necessary for an Eighth Amendment threat to safety claim.

/ / /

/ / /

/ / /

/ / /

1                 **A.**       **Eighth Amendment Excessive Force Claim**

2               The treatment a prisoner receives in prison and the conditions under which the

3 prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

4 and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

5 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

6 of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

7 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

8 Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

9 "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

10 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

11 two requirements are met: (1) objectively, the official's act or omission must be so serious such

12 that it results in the denial of the minimal civilized measure of life's necessities; and (2)

13 subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

14 inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

15 official must have a "sufficiently culpable mind."  See id.

16               When prison officials stand accused of using excessive force, the core judicial

17 inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline,

18 or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992);

19 Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as

20 opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims,

21 is applied to excessive force claims because prison officials generally do not have time to reflect

22 on their actions in the face of risk of injury to inmates or prison employees.  See Whitley, 475

23 U.S. at 320-21.  In determining whether force was excessive, the court considers the following

24 factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship

25 between the need for force and the amount of force used; (4) the nature of the threat reasonably

26 perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.

27 See Hudson, 503 U.S. at 7.  The absence of an emergency situation is probative of whether force

28 was applied maliciously or sadistically.  See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir.

1993) (en banc).  The lack of injuries is also probative.  <u>See</u> <u>Hudson</u>, 503 U.S. at 7-9.  Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials.  <u>See</u> <u>Whitley</u>, 475 U.S. at 321-22.

        Plaintiff fails to establish that Officer McFarlane acted with the malicious mental state necessary for an excessive force claim. Plaintiff argues that Officer McFarlane's nudge is sufficient to establish an excessive force claim because he purposefully made contact with plaintiff's body. <u>See</u> ECF No. 1, pg. 3. However, a cognizable Eighth Amendment excessive force claim requires that the defendant intended to maliciously and sadistically cause harm. <u>See</u> <u>Hudson</u>, 503 U.S. at 7. Plaintiff's allegation that Officer McFarlane nudged plaintiff to move faster does not establish that McFarlane intended to maliciously and sadistically harm plaintiff. Because plaintiff has not established that Officer McFarlane acted to maliciously and sadistically harm him, plaintiff has failed to allege a cognizable Eighth Amendment excessive force claim.

## B. **Eighth Amendment Threat to Safety Claim**

        Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  <u>See</u> <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1250-51 (9th Cir. 1982); <u>Farmer</u>, 511 U.S. at 833.  Liability exists only when two requirements are met:  (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  <u>See</u> <u>Farmer</u>, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.  <u>See</u> <u>Wallis v. Baldwin</u>, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk.  <u>See</u> <u>Farmer</u>, 511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger.  <u>See</u> <u>Berg v. Kincheloe</u>, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted.  <u>See</u> <u>Farmer</u>, 511 U.S. at 844.

The Court recognizes that plaintiff attempts to bring an Eighth Amendment threat to safety claim. However, plaintiff's allegations do not support this claim. Prison officials have threat to safety liability when the prisoner is incarcerated under conditions that present a substantial risk of serious harm. See Farmer, 511 U.S. at 837. Here, plaintiff alleges a single negative altercation between himself and Officer McFarlane. See ECF No. 1, pg. 5. Plaintiff does not allege that similar occurrences have occurred during his incarceration or that the altercation occurred as a result of some other condition within the prison. An isolated occurrence cannot establish that plaintiff is being subjected to conditions that present a serious risk of harm. Thus, a threat to safety claim is not an appropriate vehicle for relief and any further amendment would be futile.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1 | Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and
2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated: July 29, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE