IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDEUNTE GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>R. MCFARLANE,<br><br>    Defendant. | No.  2:20-CV-0923-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the court is Plaintiff's second amended complaint. See ECF No. 11.

**I. SCREENING REQUIREMENT**

The Court must screen complaints from prisoners seeking relief against a governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement of the claim that a plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

1

of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Id. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally participated in the deprivation of the plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a claim. Iqbal, 556 U.S. at 679. The complaint need not identify "a precise legal theory." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1038 (9th Cir. 2016).

The Court must construe a pro se litigant's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017).

## II. BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff, a state prisoner, was previously incarcerated at Sierra Conservation Center (SCC). ECF No. 1 at 3; 12 at 2. He brings suit against R. McFarlane, a correctional officer at SCC. ECF No. 13 at 1, 2. Plaintiff contends that Defendant McFarlane used excessive force against him, threatened his safety, and subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. See id. at 3–4.

Plaintiff and Defendant allegedly argued over an extra lunch. Id. at 3. Defendant made a disrespectful comment. Id. A few hours later, Defendant escorted Plaintiff in handcuffs from his cell for a recreational period. Id. at 3–4. Plaintiff and Defendant ascended a staircase, and Defendant "nudged" Plaintiff aggressively as if to hurry him. Id. at 3. The nudge sent Plaintiff down the stairs. Id. Plaintiff suffered a swollen, sprained ankle and cuts on his knees and shoulder. Id.

1    In Plaintiff's view, the Defendant's contact on the stairs constituted an
2  unconstitutional threat to his safety because he was not doing anything to justify use of force. Id.
3  at 3–4. Plaintiff believes, in that regard, that Defendant used excessive force. Id. at 4. Plaintiff
4  also contends that pushing him on the stairs while he was in handcuffs constituted cruel and
5  unusual punishment. Id.

6    Plaintiff's allegations are nearly identical to those in his prior two complaints.[1] See
7  ECF Nos. 1, 11. Both the original complaint and the first amended complaint alleged the same
8  interaction with Defendant, ECF Nos. 1, 11. The Court screened both complaints. ECF Nos. 10,
9  12. In both screening orders, the Court found Plaintiff's Eighth Amendment claims defective. ECF
10 Nos. 10, 12. The Court found that Plaintiff had established neither a threat to safety claim nor a
11 claim for excessive force. ECF No. 10 at 2, 4–6; 12 at 2–5. Plaintiff had not established a threat to
12 safety claim because the isolated negative incident that Plaintiff alleged did not establish a
13 substantial risk of serious harm. ECF No. 10 at 4–5; 12 at 4–5. And Plaintiff did not establish an
14 excessive force claim because Plaintiff had not sufficiently shown that Defendant acted maliciously
15 and sadistically to harm Plaintiff. ECF No. 10 at 5–6; 12 at 3–54.

## II. DISCUSSION

17    Plaintiff's second amended complaint suffers from the same defects as his prior two
18 complaints. Plaintiff has not established an excessive force claim because he has not adequately
19 alleged that Defendant acted maliciously and sadistically to cause harm. And Plaintiff has not stated
20 a threat to safety claim because he has not illustrated a substantial risk of serious harm that would
21 violate the Eighth Amendment. The Court will grant Plaintiff a final chance to cure the defects.
22 / / /
23 / / /

---

[1] As the Court recognized in a prior screening order, Plaintiff attached medical reports and administrative appeal decisions to his original complaint. ECF Nos. 1 at 7–9; 10 at 6. The medical reports indicated that Defendant nudged Plaintiff to hurry him. ECF No. 1 at 7. Plaintiff fell and Defendant tried to catch him, though Plaintiff fell anyways. Id. Plaintiff does not attach any records to the operative second amended complaint. See ECF No. 13. Plaintiff's amended complaint has superseded his previous complaints and those complaints are of no effect. See, e.g., Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015); Hoyt v. Chamberlain, No. 2:20-cv-1303 AC P, 2021 WL 2894133, at *4–5 (E.D. Cal. July 9, 2021); see also Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012); Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010)

**A. Threat to Safety:**

The Eighth Amendment commands that prison officials provide inmates with humane conditions of confinement, including food, clothing, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Officials must also take reasonable steps to ensure prisoners' safety and protect them from violence. Id. at 832–33; Wilk v. Neven, 956 F.3d 1143, 1147 (9th Cir. 2020). To establish a claim for prison officials' failure to protect them, an inmate must establish that officials were deliberately indifferent to a serious threat to the inmate's safety. See, e.g., Farmer, 511 U.S. at 828, 834–37, 47; Lemire v. Cal. Dep't of Corrs. & Rehabilitation, 726 F.3d 1062, 1074 (9th Cir. 2013); Labatad v. Corrs. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013). The deliberate indifference standard entails both objective and subjective components. See Labatad, 714 F.3d at 1160. First, the alleged deprivation must objectively be sufficiently serious. See, e.g., Farmer, 511 U.S. at 834; Lemire, 726 F.3d at 1074. Second, an official must have subjectively known of and disregarded a substantial risk of serious harm to the inmate. See, e.g., Farmer, 511 U.S. at 834–39, 847; Lemire, 726 F.3d at 1074; see also Labatad, 714 F.3d at 1160. Liability attaches if an official is aware that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to address it. See Farmer, 511 U.S. at 834, 837, 842, 847; Wilk, 956 F.3d at 1147; Labatad, 714 F.3d at 1160; see also Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015).

Not every injury that a prisoner sustains creates a constitutional violation. Wilk, 956 F.3d at 1147; Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); see also Farmer, 511 U.S. at 834. Nor does every injury that an inmate suffers at the hands of another inmate establish liability for officials who are responsible for inmates' safety. Farmer, 511 U.S. at 834; Wilk, 956 F.3d at 1147. As stated, an inmate bringing a claim under the Eighth Amendment must show a deprivation that is objectively "sufficiently serious." Farmer, 511 U.S. at 834; Lemire, 726 F.3d at 1074. "A deprivation is sufficiently serious when the prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." Lemire, 726 F.3d at 1074 (citation and internal quotation marks omitted). In the failure to protect context, an inmate must show that they are incarcerated under conditions posing a substantial risk of serious harm. See Farmer, 511 U.S. at 834; Lemire, 726 F.3d at 1075.

Furthermore, a prison official violates an inmate's Eighth Amendment rights only when that official subjectively has a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834. A prison official must have been deliberately indifferent. Farmer, 511 U.S. at 834–37; Lemire, 726 F.3d at 1074; Labatad, 714 F.3d at 1160. An official must be aware of facts from which they can draw the inference that a substantial risk of serious harm exists and must also draw the inference. Farmer, 511 U.S. at 837; Cortez, 776 F.3d at 1050; Labatad, 714 F.3d at 1160. The question of deliberate indifference focuses on what a defendant's mental attitude actually was. Farmer, 511 U.S. at 834–39. Deliberate indifference exists if a defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Farmer, 511 U.S. at 837–39, 847; Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004); see Lemire, 736 F.3d at 1074. An official need not, however, have intended that harm befall an inmate. Farmer, 511 U.S. at 842; Lemire, 726 F.3d at 1074. It is enough that an official acted or failed to act even though the official knew of a substantial risk of serious harm. Farmer, 511 U.S. at 842; Lemire, 726 F.3d at 1074. A factfinder may infer subjective awareness from circumstantial evidence. Farmer, 511 U.S. at 842; Wilk, 956 F.3d at 1147. Too, a factfinder may determine that a "prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842.

As with Plaintiff's last two complaints, he has not sufficiently pled that he was incarcerated under conditions posing a substantial risk of serious harm. It is true, of course, that prison officials must take reasonable steps to ensure inmates' safety. Farmer, 511 U.S. at 832; Labatad, 714 F.3d at 1160. But Plaintiff must illustrate a deprivation that is sufficiently serious. Farmer, 511 U.S. at 834; Lemire, 726 F.3d at 1074. Plaintiff has not done so.

Plaintiff alleges a singular "nudge" by Defendant. The Court recognizes that Plaintiff alleges he fell down a flight of stairs and sustained injuries as a direct consequence of Defendant's nudge. The Court further recognizes some intuitive level of risk in pushing someone on a flight of stairs. But whatever the threat in nudging Plaintiff along to hurry him, it was minimal. The isolated nudge, in the Court's view, did not rise to the level of posing a *substantial* risk of serious harm. See, e.g., Lemire, 726 F.3d at 1074–76. Although unkind and ill-advised, the nudge did not ultimately deny Plaintiff any basic measure of life's necessities.

5

**B. Excessive Force:**

The Eighth Amendment prohibits cruel and unusual punishments. U.S. Const. amend VIII. Unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. Farmer, 511 U.S. at 834; Whitley v. Albers, 475 U.S. 312, 319 (1986); see Bearchild v. Cobban, 947 F.3d 1130, 1140 (9th Cir. 2020); Hoard v. Hartman, 904 F.3d 780, 787 (9th Cir. 2018). Prison officials' use of force may violate the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1, 6–9 (1992); Hoard, 904 F.3d at 788; Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). Excessive force claims under the Eighth Amendment also entail both subjective and objective components. See, e.g., Hudson, 503 U.S. at 8; Bearchild, 947 F.3d at 1140. To be liable, a prison official must have (1) subjectively acted with a sufficiently culpable state of mind, and (2) the alleged wrongdoing must objectively be sufficiently harmful. See, e.g., Hudson, 503 U.S. at 8; Bearchild, 947 F.3d at 1140; see also Farmer, 511 U.S. at 834. Excessive force, however, requires something more than indifference. See Farmer, 511 U.S. at 835.

But not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. Not all pushes or shoves, even if later they seem unnecessary from a courtroom, violate inmates' constitutional rights. See id. (citation omitted); see Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). When prison officials stand accused of employing excessive force against an inmate, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6–7; Hoard, 904 F.3d at 788. The contrast is clear. See Hoard, 904 F.3d at 788. A prison official who harms an inmate in a good-faith attempt to maintain prison security and safety has acted constitutionally. See id. But a prison official who harms an inmate for the very purpose of causing harm has used excessive force in violation of the Eight Amendment. See id.

Multiple factors bear upon the analysis of excessive force. Relevant considerations include: (1) the extent of an inmate's injuries; (2) the need for an official's application of force; (3) the relationship between the need for the force and the amount of force actually used; (4) threats reasonably perceived by responsible officials; and (5) any efforts to moderate the severity of force. See Hudson, 503 U.S. at 7; Bearchild, 947 F.3d at 1141. The absence of serious injury is relevant

because it may shed light on factors like the necessity and extent of force. See Hudson, 503 U.S. at 7; see also Wilkins, 559 U.S. at 37–38. The absence of injury, however, is not dispositive. See Hudson, 503 U.S. at 7; see also Wilkins, 559 U.S. at 37–38. Generally, insignificant force and injury fall outside of the scope of cruel and unusual punishment. See Wilkins, 559 U.S. at 37–38. But an inmate who is gratuitously beaten by prison guards does not lose a constitutional claim merely because they were fortunate enough to escape without serious injury. Id. at 38.

Finally, because the use of force relates to prisons' legitimate penological interests in maintaining security and discipline, the Court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 320–22; see also Hudson, 503 U.S. at 6–7. Prison staff must be afforded expansive deference in adopting and implementing practice that, in their judgment, are necessary to preserve order, security, and safety. See Whitley, 475 U.S. at 321–22; see also Hudson, 503 U.S. at 6–7. Prison officials must balance threats against the harm that use of force may cause an inmate. Hudson, 503 U.S. at 6. But the Court must be deferential to considerations like the possibility of unrest in prisons and officials' need to make rapid decisions in high-pressure situations. See id.; Whitley, 475 U.S. at 320–22.

Here, considering the above, Plaintiff also fails to state an excessive force claim. To state a cognizable claim for a prison official's use of excessive force, Plaintiff must establish that Defendant applied force to maliciously and sadistically to cause Plaintiff harm. See Hudson, 503 U.S. at 6–9; Hoard, 904 F.3d at 788. Although Plaintiff contends that he was not doing anything that would have required Defendant to use any force, Plaintiff does not allege that Defendant pushed plaintiff for the purpose of harming him. See ECF No. 13 at 3–4. Plaintiff merely alleges that Defendant nudged him, albeit aggressively, to make him move faster. Id. at 3. Even recognizing that Plaintiff ultimately fell down the stairs, Plaintiff's allegation that Defendant pushed him only to make Plaintiff speed up does not illustrate that Defendant harmed Plaintiff *for the purpose of* causing harm. Even though apparently inconsiderate and unnecessary, as presently alleged, Defendant's nudging of Plaintiff did not violate Plaintiff's constitutional rights.

The Court will grant Plaintiff leave to amend his second amended complaint to remedy the defects identified for both his safety and excessive force claims.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). As stated above, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260–61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed with leave to amend; and
2. Plaintiff may file a third amended complaint within 30 days of the date of service of this order.

Dated: August 6, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE